## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANDREW V. KOCHERA, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No.   14-cv-29-SCW-DGW |
| | ) | |
| **FOSTER WHEELER, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On May 16, 2014, the Court held a hearing on all of the pending motions in this case.   The following memorializes the Court's findings and rulings at that hearing:

**A.**      **Motions to Dismiss and/or for More Definite Statement**

The Court **GRANTS** Defendant Buffalo Pumps, Inc.'s Motion to Dismiss Counts IV and V (Doc. 15); Warren Pumps LLC's Motion to Dismiss Counts IV and V of Plaintiff's Amended Complaint (Doc. 19); Imo Industries, Inc.'s Motion to Dismiss Counts IV and V of Plaintiff's Amended Complaint (Doc. 21);Ingersoll Rand's Co.'s Motion to Dismiss Count V of Plaintiff's First Amended Complaint (Doc. 33); Foster Wheeler's Motion to Dismiss Counts IV and V (Doc. 36); John Crane Inc.'s Motion to Dismiss Counts IV and V of Plaintiff's First Amended Complaint (Doc. 55) (Doc. 56)[1]; GE Co.'s Motion to Dismiss for Failure to State a Claim as to Counts IV and V (Doc. 126); and CBS Corp.'s Motion to Dismiss Counts IV and V.   (Doc. 143).   Crane Co.'s Motion to Dismiss (Doc. 86) is **GRANTED in part** as to Counts IV and V, and **DENIED in part** as to all other counts.

As it relates to the issue of negligent spoliation, Plaintiff has not alleged enough facts as to the

---

[1]  Doc. 56 appears to be an amended copy of the original motion at Doc. 55.   Counsel for John Crane Inc. is informed that it is appropriate to withdraw a motion if a party wishes to file an amended version.

Defendants in this case.  Specifically, the Complaint does not do enough to allege a particular duty based on knowledge of an impending lawsuit.  If the Plaintiff can develop evidence in the course of discovery that defendants could anticipate lawsuits and that they should have preserved evidence, it may be appropriate to file a motion for leave to amend in order to reinstate the claim.  As to the claims for willful and wanton spoliation, Illinois law has never recognized this claim.  The Court will dismiss all willful and wanton counts without prejudice.  Should the Illinois Supreme Court recognize the claim during the pendency of the case or should Plaintiff present evidence that would place the claim squarely in a forum that does recognize the claim, Plaintiff may seek leave to amend.  Both counts dismissed without prejudice.

As to the other counts in the Complaint, these are plausible counts that satisfy notice pleading standards.  Discovery will be allowed to proceed as to these counts.  The Motions to dismiss the negligent counts as to counts other than spoliation are **DENIED**.  Motion for more definite statement also **DENIED**.  The Court finds that there are sufficiently definite statements of the claims in the Complaint.

**B.      Institution of Denials and/or Motions to have all Counterclaims Deemed Filed**

The Court noted that **Federal Rule of Civil Procedure 5(c)(1)(B)** allows, in an action involving an unusually large number of defendants, for replies to crossclaims, counterclaims, and affirmative defenses to be treated as denied by all other parties.  As such, in this case, the Court will **DEEM** all crossclaims, counterclaims, and affirmative defenses as **DENIED** by all other parties and, thus, the parties need not file answers to such claims.  However, Rule 5 does not speak to the treatment of the counterclaims, crossclaims, and affirmative defenses themselves, which Defendants further seek to be deemed filed.  The Court noted that, to the extent the parties want to simplify their filings and the docket, they could agree to a stock submission as to these claims.  Thus, the Court

**DIRECTED** the parties to meet and confer as to a stock submission regarding crossclaims, counterclaims, and affirmative defenses and submit the stock order to the Court's proposed order's email, SCWpd@ilsd.uscourts.gov, for the Court's review.   If all parties agree to the stock order, the Court will then file the order with the understanding that everyone has signed on to the order.   To the extent that certain parties do not agree to certain parts or to the stock order as a whole, those concerns need to be addressed in the email to the Court.   Further, to the extent that some Defendants have already filed crossclaims, the Court deems those operative but are also deemed denied under Rule 5(c)(1)(B).   If a party wishes to respond to a crossclaim beyond a simple denial of the claims, then they must specifically file an Answer or sign on to the stock order.   The Court also extends the time limit for filing crossclaims, counterclaims, and affirmative defenses until the stock order issue is decided.

C.      **Discovery Related to Trust Claim Forms**

This matter has been briefed in writing in *Greenleaf v. Atlas Copco Compressors, LLC, et al.*, No. 14-51, Docs. 73 & 84.   As an initial matter, the Court finds that trust claims documents are discoverable.   It appears to the Court that the parties are in agreement over the release of the amounts of settlements.   Said amounts will be redacted by agreement.   Plaintiff shall provide releases so that defendants may subpoena the relevant information.   The release shall direct that the subpoenaed information not contain settlement numbers.   Information produced pursuant to subpoenas shall go to Plaintiff's counsel to confirm that the settlement numbers have been redacted.   Plaintiff's counsel shall have ten (10) days after receipt of such information to get the information to the defendants.   Plaintiffs shall also produce any documents submitted to bankruptcy trustees that are properly requested through requests to produce.

D.      **Deposition Issues**

Lastly, the Court took up a new issue regarding deposition time limits for Plaintiff.   Counsel

for Plaintiff had previously indicated to Defendants his intention to enforce **Federal Rule of Civil Procedure 30(d)(1)** which sets a limit on a deposition to one day of seven hours.   Defendants expressed concerns about this limitation due to the amount of Defendants in this case and the current health of Plaintiff.   Counsel for Plaintiff anticipates that Plaintiff, given his decline in health, will not be able to participate in a full seven hour deposition in a single day and agrees that a deposition should be taken on a day to day basis and, in return, is willing to accommodate a longer deposition time limit for Defendants.   Accordingly, the Court **DIRECTED** that the deposition of the Plaintiff would be extended to twelve (12) hours on a day to day basis to complete the full deposition time (in anticipation that Plaintiff would not be able to complete the full amount of time in one day).   Each Defendant will be allowed time to ask questions of the Plaintiff at the deposition and the Court reminded the parties that they need to work together to ensure that this is accomplished within the time limit set by the Court.   The Court will also entertain further extensions of the deposition time on a case by case basis.

**IT IS SO ORDERED**.
DATED: May 20, 2014.

/s/ Stephen C. Williams
**STEPHEN C. WILLIAMS**
United States Magistrate Judge