IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW V. KOCHERA, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   14-cv-29-SMY-SCW |
| | ) | |
| BUFFALO PUMPS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On February 19, 2015, the Court held a hearing regarding certain discovery disputes of the parties.   The following memorializes the Court's findings and rulings at that hearing:

**A.      Late Disclosure of Supplemental Expert Reports – Dr. Vuskovich**

Plaintiff initially disclosed Dr. Vuskovich's report on August 25, 2014.   Dr. Vuskovich sat for a deposition two months later on October 27, 2014.   Defendants disclosed their expert reports on December 2, 2014.   On January 30, 2015, Plaintiff then disclosed a supplemental report of Dr. Vuskovich.   Defendants now object that Dr. Vuskovich changed his opinions and reviewed additional documentation in the supplemental report.   He also offered rebuttal to matters in Defendants' expert reports.   Any rebuttal reports were due within 30 days after the expert reports were disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D), which in this case would mean that rebuttal reports were due on January 2, 2015.   Defendants request that the supplemental report of Dr. Vuskovich be stricken.

Rule 26(e) allows for supplementation to correct reports or to disclose brand new information. It does not permit the parties to create their own deadlines for the disclosure of substantive

information.  The deadline to disclose expert reports was August 22, 2014.  Dr. Vuskovich was deposed in October.  The supplemental reports offer materially differently opinions from both the initial report and Dr. Vuskovich's deposition.  They were disclosed on January 30, 2015, the last day of the discovery period.  Plaintiff made no effort to tell the Defendants or the Court that he was attempting to supplement the reports or that he needed more time to do so.

The Court cannot say that the conduct here represents bad faith, but this practice certainly invites bad faith in the future.  At the very least, this issue should be brought to other parties and the court in advance.  The Court does not find that this omission was harmless because discovery is closed and Defendants cannot take steps, like re-deposing the expert, to minimize the prejudice at this time.  The new opinions in the supplemental report are substantial opinions.  They are extremely prejudicial and the Court declines to re-open discovery.  That leaves the Defendants unable to react. The supplemental report has new opinions that are material, prejudicial and not substantially justified. **Fed. R. Civ. P. 37; *David v. Caterpillar Inc.*, 324 F.3d 851, 857 (7th Cir. 2002).**  The supplemental report is **STRICKEN**.

**B.      Failure to Respond to Requests for Admissions**

Defendant GE submitted requests to admit prior to the close of discovery on December 31, 2014.  (Doc. 175).  Plaintiff filed no response until after Defendants filed a motion to deem to admissions admitted.   (Doc. 180).  The Court declines to deem the admissions admitted at this time. But the answers to the requests to admit are patently insufficient.  The purpose of requests to admit are to narrow the issues.  Plaintiff may not direct the parties to seek the information in publically available documents or in the case record.  Plaintiff has five days to submit proper responses. Responses due February 24, 2015.

**C.      Dr. Vuskovich's testimony regarding the pulmonary function test as supportive of his previously disclosed opinion.**

Parties may submit briefs on this issue of no more than four single-spaced pages.   Defendants

may submit a joint brief across all four cases.   Briefs due no later than Thursday February 25, 2015.

The Court sets another discovery dispute conference on 2/26/15 at 3:45.   Dispositive motions and

Daubert motions remain suspended in all cases.

**IT IS SO ORDERED**.
DATED: February 23, 2015.

_/s/ Stephen C. Williams_
**STEPHEN C. WILLIAMS**
United States Magistrate Judge