IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW V. KOCHERA, JR.,

    Plaintiff,

v.

FOSTER WHEELER, LLC, *et al.*,

    Defendants.

No. 3:14-CV-00029-SMY-SCW

**OWENS-ILLINOIS, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

    Owens-Illinois, Inc. ("Owens-Illinois"), pursuant to Federal Rule of Civil Procedure 56(a), moves this Court for an order granting summary judgment in its favor and against Plaintiff Andrew V. Kochera, Jr.

**I.**    **INTRODUCTION**

    Plaintiff Andrew V. Kochera, Jr. alleges that he developed a non-malignant disease, called "asbestosis," from exposure to hundreds of asbestos-containing products throughout his lifetime. Specifically against Owens-Illinois, however, Mr. Kochera has filed a negligence claim that alleges asbestos exposure during his United States Navy service in the 1950s. Owens-Illinois has denied all of Mr. Kochera's material allegations.

    Owens-Illinois is entitled to summary judgment because there is no genuine dispute on one dispositive issue. Mr. Kochera has no admissible medical evidence that exposure from any Owens-Illinois asbestos-containing product caused his disease.

Indeed, Mr. Kochera's one medical expert, Matthew Vuskovich MD, relies on an inadmissible causation theory that any exposure to asbestos whatsoever — no matter how slight, remote, or insignificant — was a cause or substantial contributing factor in causing his disease. That theory fails Rule 702 and *Daubert* scrutiny, and is contrary to the substantive law governing this case.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding summary judgment, the court must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment must establish there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255.

## III.     BACKGROUND

The "any exposure" theory is an inadmissible, one-size-fits-all approach that plaintiffs' experts, like Matthew Vuskovich MD, created to offer a causation opinion

against whatever defendant, from whatever product, in whatever amount, theoretically remains at summary judgment or trial. As his report shows, Dr. Vuskovich has no information about the actual asbestos exposure that Mr. Kochera ever sustained from any defendant's product and, in fact, he readily admits that he does not consider this information. Matthew Vuskovich Rep. 1-6, attached as Ex. A.

Under this inadmissible theory, Dr. Vuskovich would testify that any exposure to asbestos, even the very first one, regardless of the dose, was sufficient to cause Mr. Kochera's disease:

> Q: In fact, you can't offer any product-specific testimony; is that correct?
> 
> **A: That's correct.**
> 
> Q: And you are still of the opinion that each and every exposure to asbestos causes or contributes an individual to asbestos-related disease?
> 
> **A: Yes, sir.**

Matthew Vuskovich Dep. 216:24-217:6, Mar. 19, 2015, attached as Ex. B; Matthew Vuskovich Dep. 265:6-20, Oct. 27, 2014, attached as Ex. C.

Dr. Vuskovich has not, and cannot, answer the fundamental question in a proper causation analysis: how much exposure Mr. Kochera ever experienced from any defendant's product and whether that dosage was significant in causing his alleged disease. Vuskovich Rep. 5-6. The most basic information for a causation opinion is entirely absent from his theory. *Id.*; Vuskovich Dep. 265:6-20, Oct. 27, 2014. Indeed,

during Dr. Vuskovich's deposition, Mr. Kochera's counsel stipulated that Dr. Vuskovich had not quantified Mr. Kochera's exposure in terms of cumulative exposure or in terms of exposures to any specific defendant's product. *Id.* at 263:14-20, 265:6-10.

Dr. Vuskovich's theory is also inconsistent with our own daily lives. Everyone ingests millions of asbestos fibers without contracting disease. It cannot be true that our own exposure to millions of asbestos fibers does not cause disease, and yet every exposure in this asbestos personal injury case caused Mr. Kochera's alleged disease. Despite our own daily experiences, however, Dr. Vuskovich would testify that the asbestos fibers, which we all breathe every day in "ambient air" without developing any disease, was a cause of Mr. Kochera's disease. Vuskovich Rep. 5-6.

Worse yet, Dr. Vuskovich did not even prepare or edit his expert report, but rather the report was typed and submitted by plaintiff's attorney. Vuskovich Dep. 131:3-17, Oct. 27, 2014. Dr. Vuskovich did not review any discovery, read any transcripts, or rely upon any information about any specific defendant. *Id.* at 220:6-21. Dr. Vuskovich admitted that he has no opinion about any specific defendant, and did not even know which defendants were in the case. *Id.* at 184:18-23, 185:5-7. Dr. Vuskovich acknowledged not knowing any single source of any of Mr. Kochera's alleged asbestos exposure, and testified that he did not conduct any defendant-specific research or rely upon an industrial hygienist's report. *Id.* at 231:6-15, 232:8-12. As the Seventh Circuit and courts across the country have held, Dr. Vuskovich's any exposure

theory is not an acceptable approach for a causation expert to take.

## IV.     ARGUMENT

### A.     Illinois Law Demands Medical Evidence that Asbestos Exposure from the Defendant's Product Actually Caused the Plaintiff's Disease.

To survive a motion for summary judgment, a plaintiff must prove that the defendant's asbestos-containing product was a cause in fact of the injury. An essential element of causation is expert testimony on "whether the dose to which the plaintiff was exposed is sufficient to cause the disease." *Korte v. ExxonMobil Coal USA, Inc.*, 164 F. App'x 553, 556 (7th Cir. 2006) (quoting *Wintz v. Northrop Corp.*, 110 F.3d 508, 512 (7th Cir. 1997)) (excluding plaintiff's causation expert, and affirming summary judgment); *accord Krik v. Crane Co.*, --- F. Supp. 3d ----, 2014 WL 7330901, at *4-6 (N.D. Ill. Dec. 22, 2014) (excluding plaintiff's "any exposure" causation experts in an asbestos case).[1]

In *Lindstrom*, an asbestos case, the Sixth Circuit held that the "any exposure"

---

[1] To determine what substantive law controls, a court sitting in diversity applies the choice-of-law rules of the state in which the action was filed. *See Van Dusen v. Barrack*, 376 U.S. 612, 637-40 (1964) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)). Illinois courts apply a place of exposure test in asbestos cases to determine the "most significant relationship" under the *Restatement (Second) of Conflict of Laws*. *Gregory v. Beazer East*, 384 Ill. App. 3d 178, 193–201 (Ill. App. Ct. 2008). However, a "choice-of-law determination is required only when a difference in law will make a difference in the outcome." *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155 (Ill. 2007); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 838 n.20 (1985) ("If the laws of both states relevant to the set of facts are the same, or would produce the same decision in the lawsuit, there is no real conflict between them." (citation omitted)). Here, no conflict of laws exists because Owens-Illinois is entitled to summary judgment under both maritime and Illinois law. *Bowles v. Owens-Illinois, Inc.*, 2013 IL App (4th) 121072, at ¶ 21 (quoting *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343 (Ill. 1992)); *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005).

theory of causation was insufficient as a matter of maritime law.  *Lindstrom*, 424 F.3d at 493.  It is "meaningless" to offer a causation opinion "that every exposure to asbestos, however slight, was a substantial factor in causing . . . disease."  *Id.*  Likewise, the Illinois Supreme Court "rejected the argument . . . that so long as there is *any* evidence that the injured worker was exposed to a defendant's asbestos-containing product, there is sufficient evidence of cause in fact to allow the issue of legal causation to go to the jury."  *Nolan*, 233 Ill. 2d at 434 (emphasis original).  As the Court explained, "such an approach is contrary to the concept of substantial causation."  *Id.* at 434.

Most recently, an Illinois federal court held that the "any exposure" exposure theory "is not an acceptable approach for a causation expert to take" under both Illinois and maritime law.  *Krik*, 2014 WL 7330901, at *4-6 (citing *Lindstrom*, 424 F.3d at 492; *Thacker*, 603 N.E.2d at 457).  Both Illinois and maritime law demand proof that a plaintiff was so frequently, regularly, and proximately exposed to a defendant's specific product to create a genuine issue for the jury on cause in fact.  *Id.* at *4.  As the *Krik* court concluded, the substantive law defines the meaning of substantial factor, and neither plaintiffs nor their experts are at liberty to ignore that legal definition.  *Id.*

### B. Mr. Kochera Has No Admissible Medical Evidence that Asbestos Exposure from an Owens-Illinois Product Actually Caused His Disease.

Mr. Kochera's one medical expert, Dr. Vuskovich, cannot provide the medical evidence that is necessary to survive summary judgment.  Just like the plaintiff's experts in *Krik*, *Lindstrom*, and *Korte*, Dr. Vuskovich did not perform an "individualized

analysis" of Mr. Kochera's asbestos exposure or develop "an opinion that the particular level of dosage experienced by a plaintiff was sufficient to cause his or her particular injury." *Krik*, 2014 WL 7330901, at *4-5; *Lindstrom*, 424 F.3d at 493; *Korte*, 164 F. App'x at 556-57. Dr. Vuskovich did not even try to quantify Mr. Kochera's asbestos exposure, nor did he consider any information about the amount of asbestos to which Mr. Kochera might have been exposed. Vuskovich Dep. 265:6-20, Oct. 27, 2014.

Indeed, during Dr. Vuskovich's deposition, Mr. Kochera's counsel stipulated that Dr. Vuskovich's opinion was that each and every alleged exposure contributed to Mr. Kochera's disease. *Id.* Mr. Kochera's counsel also stipulated that Dr. Vuskovich had not quantified the overall exposures in terms of cumulative exposures or in terms of exposures to a specific defendant's product. *Id.* at 263:14-20, 265:6-10. At his second deposition in this matter, Dr. Vuskovich re-confirmed this improper causation theory. Vuskovich Dep. 216:24-217:6, Mar. 19, 2015.

This exact causation theory was ruled not only inadmissible in federal court in *Krik*, *Lindstrom*, and *Korte*, but also insufficient to satisfy the substantial causation standard as a matter of Illinois and maritime law. *Krik*, 2014 WL 7330901, at *4-5; *Lindstrom*, 424 F.3d at 493; *Korte*, 164 F. App'x at 556-57. As the Illinois Supreme Court explained, "such an approach is contrary to the concept of substantial causation." *Nolan*, 233 Ill. 2d at 434; *Lindstrom*, 424 F.3d at 493. Mr. Kochera therefore has no admissible medical opinion that asbestos exposure from any Owens-Illinois product caused his

disease, and summary judgment in Owens-Illinois's favor is appropriate. *Korte*, 164 F. App'x at 556-57.

### C. Rule 702 and *Daubert* Demand Relevant and Reliable Evidence that Asbestos Exposure Actually Caused the Plaintiff's Disease.

Under Rule 702 and *Daubert*, moreover, federal court require relevant and reliable expert testimony "to establish causation in cases alleging an adverse health effect when the 'medical effects [of exposure] are not within the ken of the ordinary person.'" *Korte*, 164 F. App'x at 556-57 (affirming exclusion of causation expert, and grant of summary judgment). Indeed, the Supreme Court has held that "parties relying on expert evidence have had notice of the exacting standards of reliability such evidence must meet." *Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000).

### 1. Dr. Vuskovich Ignores the Fundamental Principle of Toxicology — Establishing the Dose Necessary to Cause Disease.

In toxic tort cases, the science of toxicology rests on the bedrock principle that "the dose makes the poison." Federal Judicial Center, *Reference Manual on Scientific Evidence* 403, 475, 603, 651 (3d ed. 2011). "Dose is the single most important factor to consider in evaluating whether an alleged exposure caused a specific adverse effect." David Eaton, *Scientific Judgment and Toxic Torts: A Primer in Toxicology for Judges and Lawyers*, 12 J.L. & Poly 5 (2003) ("*Toxicology for Judges*"). Dr. Vuskovich's any exposure theory, however, disregards this most important principle of toxicology and is not consistent with the standards for legitimate expert testimony.

Disease occurs when exposures reach a "threshold" level that overwhelms our natural defenses. Aspirin, water, sunlight, or even known "poisons," such as arsenic, are harmful only at high enough doses and are harmless — or even beneficial — at lower doses.  For any given response, there is a dose at which the effect begins to appear and a dose below which it does not.  This principle of "dose-response" holds true for carcinogens, such as asbestos, just as much as it does for any other toxins:

> Most chemicals that have been identified to have "cancer-causing" potential (carcinogens) do so only following long-term, repeated exposure for many years.  Single exposures or even repeated exposures for relatively short periods of time (e.g., weeks or months) generally have little effect on the risk of cancer, unless the exposure was remarkably high and associated with other toxic effects.

*Toxicology for Judges* at 9.

The dose matters.  Asbestos is not a known carcinogen until levels exceed human tolerance. *Reference Manual on Scientific Evidence* at 603, 635.  The most apparent evidence is the background exposures we all receive in our own lives.  In fact, among the general population in this country, the average person is exposed to roughly 100 million asbestos fibers during his or her lifetime. National Research Council, Committee on Non-Occupational Health Risks of Asbestos Formed Fibers, *Asbestiform Fibers Non-Occupational Health Risks* 63 (1984), *available at* http://goo.gl/KHeJyT.  Every exposure we all encounter is not, however, a cause of disease.  Minor asbestos exposures have never appeared in epidemiology studies as a significant cause of disease.

As explained by the Seventh Circuit in *Korte* and applied by the *Krik* court, an expert's causation analysis must begin with a measurement, or at least a reasonable estimate, of the dose received by the plaintiff. *Korte*, 164 F. App'x at 556-57; *Krik*, 2014 WL 7330901, at *4. The causation expert must compare the dose (without speculation) to the dose that scientific studies confirm to cause the disease, typically demonstrated in a series of epidemiological studies of various exposed populations. *Korte*, 164 F. App'x at 556-57; *Krik*, 2014 WL 7330901, at *4.  It is incumbent on the causation expert to prove the dose that is a potential cause, under scientific studies, and not merely presume that any amount of exposure is sufficient.

Like the experts in *Korte* and *Krik*, however, Dr. Vuskovich cannot identify any scientific study that confirms the dangers of "non-trivial" asbestos exposures. Vuskovich Rep. 5-6; Dep. 133:15-24, 134:1-5, 157:23-24, 158:1-5, Oct. 27, 2014.  It is not enough to opine that Mr. Kochera was merely "exposed" to asbestos; "exposure" must be distinguished from "causation."  The simple fact of exposure says nothing about the likelihood that the exposure actually caused Mr. Kochera's disease.  *Moeller v. Garlock Sealing Techns., Inc.*, 660 F.3d 950, 955 (6th Cir. 2011) ("saying that exposure to Garlock gaskets was a substantial cause of Robert's mesothelioma would be akin to saying that one who pours a bucket of water into the ocean has substantially contributed to the ocean's volume").

Here, Dr. Vuskovich touts the any exposure theory with no evaluation of the

actual facts in this case. He admits that he does not consider the dose, duration, or source of Mr. Kochera's asbestos exposure — whether the exposure was for four minutes or forty years, or to a high dose or low dose, makes no difference in their opinion. Instead, Dr. Vuskovich would opine that any exposure to asbestos, no matter how small the dose, was a substantial contributing cause of Mr. Kochera's disease. That approach ignores fundamental principles and is without any scientific foundation. *Korte*, 164 F. App'x at 556-57; *Krik*, 2014 WL 7330901, at *4.

### 2. Dr. Vuskovich's Theory Is Speculation, Not Scientific Analysis.

Indeed, Dr. Vuskovich has applied no scientific methodology at all. His theory is based entirely on the unsupported speculation that any exposure to asbestos, regardless of dose, contributes in a meaningful way to the development of disease. Under *Daubert* and Rule 702, the Supreme Court and the Seventh Circuit prohibit litigation experts, like Dr. Vuskovich, who testify to methods that are not used "when [experts] are doing their regular professional work rather than being paid to give an opinion helpful to one side in a lawsuit." *Braun v. Lorillard Inc.*, 84 F.3d 230, 235 (7th Cir. 1996).

Courts nationwide have recognized that Dr. Vuskovich's any exposure theory has no grounding in the peer-reviewed scientific literature, nor has the opinion been adequately and repeatedly tested for reliability. *Krik*, 2014 WL 7330901, at *5 (collecting cases). Recently, the District Court of Utah rejected this opinion as unproven:

> This court agrees with the general assessment of these various state and federal courts that the every exposure theory does not qualify

>as admissible expert testimony. The *Butler* court summed up expert testimony regarding the every exposure theory accurately by stating that an expert's "any exposure theory is, at most, scientifically-grounded speculation: an untested and potentially untestable hypothesis."

*Smith v. Ford Motor Co.*, No. 2:08-cv-630, 2013 WL 214378, at *5 (D. Utah Jan. 18, 2013) (quoting *Butler v. Union Carbide Corp.*, 712 S.E.2d 537, 552 (Ga. Ct. App. 2011)). Such an unproven hypothesis is not a permissible basis for expert testimony because a "medical expert's ultimate opinion must be grounded in the scientific process and may not be merely a subjective belief or unsupported conjecture." *Lewis*, 561 F.3d at 705 (affirming district court's exclusion).

### 3. Courts Consistently Reject the Any Exposure Theory.

Moreover, in the last few years, courts across the nation have carefully examined the any exposure theory and consistently rejected it as unscientific. The courts rejecting this opinion include the Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, at least eleven federal district courts, the highest courts of Texas, New York, Pennsylvania, and Virginia, and trial and state appellate courts in Texas, Georgia, Florida, Delaware, Ohio, Mississippi, and Pennsylvania, among others.[2]

---

[2] Federal court cases include *Moeller v. Garlock Sealing Techs., LLC*, 660 F.3d 950 (6th Cir. 2011); *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439 (6th Cir. 2009); *Lindstrom v. A–C Prod. Liab. Tr.*, 424 F.3d 488 (6th Cir. 2005); *Barabin v. AstenJohnson, Inc.*, 700 F.3d 428 (9th Cir. 2012) (reversing trial verdict based in part on any exposure opinion due to trial court's *Daubert* analysis); *Krik v. Crane Co.*, --- F. Supp. 3d ----, 2014 WL 7330901 (N.D. Ill. Dec. 22, 2014); *Comardelle v. Pennsylvania Gen. Ins.*, No. 13-6555, --- F. Supp. 3d ----, 2015 WL 64279 (E.D. La. Jan. 5, 2015); *Davidson v. Georgia Pacific LLC*, No. 12–1463, 2014 WL

In the federal courts, the Sixth Circuit has repeatedly rejected the any exposure theory as a basis for causation. *Martin*, 561 F.3d at 439; *Lindstrom*, 424 F.3d at 488; *Moeller*, 660 F.3d at 950. The Sixth Circuit found the inconsistency in the any exposure opinion: it "would make every incidental exposure to asbestos a substantial factor." *Martin*, 561 F.3d at 443; *Moeller*, 660 F.3d at 955. Since 2013, seven more federal district courts have rejected the any exposure opinion with very strong language:

> [The] opinion is, as a matter of law, unsupported by sufficient or reliable scientific research, data, investigations or studies, and is inadmissible under Rule 702. . . . the every exposure theory as offered as a basis for legal liability is inadmissible speculation that is devoid of responsible scientific support. . . .

---

3510268 (W.D. La. Jul. 14, 2014); *Anderson v. Ford Motor Co.*, 950 F. Supp. 2d 1217 (D. Utah 2013); *Sclafani v. Air & Liquid Sys. Corp.*, No. 12-CV-3013, 2013 WL 2477077 (C.D. Cal. May 9, 2013); *Smith v. Ford Motor Co.*, No. 2:08-cv-630, 2013 WL 214378 (D. Utah Jan. 18, 2013); *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26 (D.D.C. 2013); *Bartel v. John Crane, Inc.*, 316 F. Supp. 2d 603 (N.D. Ohio 2004*); Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142 (E.D. Wash. 2009); *In re W.R. Grace & Co.*, 355 B.R. 462 (Bankr. D. Del. 2006), *appeal denied*, 2007 WL 1074094 (D. Del. Mar. 26, 2007).

State court cases include *Bostic v. Georgia-Pacific Corp.*, 439 S.W.3d 332 (Tex. 2014); *Howard v. A.W. Chesterton Co.*, 78 A.3d 605 (Pa. 2013); *Ford Motor Co. v. Boomer*, 736 S.E.2d 724 (Va. 2013) (requiring plaintiff's experts to "opine as to what level of exposure is sufficient to cause mesothelioma, and whether the levels of exposure at issue in this case were sufficient"); *Betz v. Pneumo Abex, LLC*, 44 A.3d 27 (Pa. 2012); *Parker v. Mobil Oil Corp.*, 857 N.E.2d 1114 (N.Y. 2006); *Butler v. Union Carbide Corp.*, 712 S.E.2d 537 (Ga. Ct. App. 2011); *Brooks v. Stone Architecture, P.A.*, 934 So. 2d 350 (Miss. Ct. App. 2006); *Daly v. Arvinmeritor, Inc.*, 2009 WL 4662280 (Ha. Cir. Ct. Broward County Nov. 30, 2009); *In re Asbestos Litig. (Certain Asbestos Friction Cases Involving Chrysler LLC)*, 2008 WL 4600385 (Pa. Ct. Com. Pl. Phila. Cty. Sept. 24, 2008); *Free v. Ametek*, 2008 WL 728387 (Wash. Super. Ct. King Cty. Feb. 28, 2008); *Basile v. American Honda Motor Co., Inc.*, 2007 WL 712049 (Pa. Ct. Com. Pl. Indiana Cty. Feb. 22, 2007*)*.

> The every exposure theory does not hold up under careful examination. . . . It is questionable whether it can even properly be called a theory. . . . The every exposure theory is based on the opposite: a lack of facts and data. . . . It seeks to avoid not only the rules of evidence but more importantly the burden of proof.

*Smith*, 2013 WL 214378, at *5; *Krik*, 2014 WL 7330901, at *4 (quoting and relying on *Smith*); *Comardelle*, 2015 WL 64279, at *3-4 (same); *Davidson*, 2014 WL 3510268, at *4 (same); *Anderson*, 950 F. Supp. 2d at 1223 (same); accord *Sclafani*, 2013 WL 2477077; *Wannall*, 292 F.R.D. at 41-43. Indeed, the *Comardelle* court earlier this year concluded that plaintiffs' "proposed specific causation opinions in this case are unreliable and inadmissible, essentially for the reasons articulated by the thoughtful opinions in *Smith*, *Anderson*, *Davidson*, and *Krik*." 2015 WL 64279, at *4.

State supreme courts also reject the any exposure theory. The Pennsylvania Supreme Court in a unanimous 53-page decision affirmed the exclusion of testimony based on the any exposure opinion. *Betz v. Pneumo Abex, LLC*, 44 A.3d 27 (Pa. 2012). The *Betz* Court found that the any exposure opinion was in "irreconcilable conflict with itself" because "one cannot simultaneously maintain that a single fiber among millions is substantially causative, while also conceding that a disease is dose responsive." *Id.* at 56. As the overwhelming majority of courts have concluded that the any exposure theory is not admissible expert evidence, Dr. Vuskovich's opinions should be excluded here under the same exacting standards of Rule 702 and *Daubert*.

## V. CONCLUSION

For these reasons, Owens-Illinois respectfully requests an order granting summary judgment in its favor and against Plaintiff, granting it fees and costs, and awarding such further relief as this Court deems proper.

Dated: April 3, 2015　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By:　/s/ Brian O. Watson
　　　　　　　　　　　　　　　　　　　　Edward Casmere
　　　　　　　　　　　　　　　　　　　　Brian O. Watson
　　　　　　　　　　　　　　　　　　　　Schiff Hardin LLP
　　　　　　　　　　　　　　　　　　　　233 South Wacker Drive
　　　　　　　　　　　　　　　　　　　　Suite 6600
　　　　　　　　　　　　　　　　　　　　Chicago, IL  60606
　　　　　　　　　　　　　　　　　　　　Tel: 312.258.5500
　　　　　　　　　　　　　　　　　　　　Fax: 312.258.5600

　　　　　　　　　　　　　　　　　　　　*Attorneys for Owens-Illinois, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on April 3, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Southern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

23004-3544
CH2\16140934.3